IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO CRUZ-SANCHEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, et al. | : | No. 07-4015 |

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                          January 31, 2008

This is a <u>pro se</u> petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Antonio Cruz-Sanchez ("Cruz-Sanchez"), an individual currently incarcerated at the State Correctional Institution at Greene.  For the reasons that follow, I recommend that the petition be dismissed.

## FACTS AND PROCEDURAL HISTORY:

On March 5, 2003, after a two (2) day jury trial in the Court of Common Pleas of Lancaster County, Cruz-Sanchez was convicted of aggravated assault, kidnapping, and intimidation of a witness or victim[1].  On May 23, 2003, Cruz-Sanchez was sentenced to four (4) to eight (8) years of imprisonment for aggravated assault, four (4) to eight (8) years of imprisonment for kidnapping, and one (1) to two (2) years of imprisonment for intimidation of a witness or victim, with all sentences to run concurrently.

---

[1]The Pennsylvania Superior Court stated that:
> The convictions stem from an incident on June 19, 2002, during which [Cruz-Sanchez] assaulted his ex-girlfriend, Ms. Guzman, in the parking lot of a motel until she was unconscious; he then transported her to his apartment where he held her against her will for several hours.  <u>Commonwealth v. Cruz-Sanchez</u>, 924 A.2d 690 (Pa. Super. 2007) (table) (unpublished memorandum opinion attached as Resp't Ex. "K").

Cruz-Sanchez filed a direct appeal to the Pennsylvania Superior Court in which he alleged:

1. his sentence for intimidation of a witness was illegal because it was graded as a third (3rd) degree felony rather than a second (2nd) degree misdemeanor;

2. trial court error for admitting the preliminary hearing testimony of Ms. Guzman when the Commonwealth failed to demonstrate that the witness was unavailable for trial and that the defense had a full and fair opportunity to cross examine the witness at the preliminary hearing; and

3. ineffective assistance of counsel for failing to object to the admission of Ms. Guzman's written statement to police at trial.

On August 17, 2004, the Superior Court affirmed the judgment of sentence. Commonwealth v. Cruz-Sanchez, 869 A.2d 5 (Pa. Super. 2004) (table) (unpublished memorandum opinion attached as Resp't Ex. "B"). Cruz-Sanchez then filed an Application for Re-argument to an en banc panel of the Pennsylvania Superior Court and his application was granted on September 29, 2004. On December 10, 2004, the Superior Court affirmed the judgment of sentence for aggravated assault and kidnapping but remanded for re-sentencing on Cruz-Sanchez's conviction for intimidation of a witness or victim.[2] Commonwealth v. Cruz-Sanchez, 869 A.2d 5 (Pa. Super. 2004) (table) (attached as Resp't Ex. "C"). Cruz-Sanchez filed a petition for allowance of appeal in the Pennsylvania

---

[2]The Superior Court noted that although it was remanding for re-sentencing on Cruz-Sanchez's conviction for intimidation of a witness or victim from a third degree felony to a second degree misdemeanor there may be no practical effect as the original sentence of one (1) to two (2) years of imprisonment fell within the guidelines for intimidation of a witness graded as a second degree misdemeanor. Commonwealth v. Cruz-Sanchez, 869 A.2d 5 (Pa. Super. 2004) (table) (attached as Resp't Ex. "C").

Supreme Court and the Supreme Court denied allocatur on June 7, 2005.  Commonwealth v. Cruz-Sanchez, 877 A.2d 459 (Pa. 2005) (table).

On August 10, 2005, Cruz-Sanchez filed a pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") 42 Pa. Con. Stat. § 9451, et seq.  Counsel was appointed to represent Cruz-Sanchez and filed an amended PCRA petition alleging:

1. ineffective assistance of counsel for failing to object to the introduction into evidence of a statement given to a police detective by Ms. Guzman who was unavailable for trial;

2. trial court error for failing to instruct the jury that they should view the evidence provided by Ms. Guzman with caution since the jury did not have the opportunity to observe the witness at trial; and

3. ineffective assistance of counsel for failing to object to the trial court's jury instructions.

After an evidentiary hearing held on February 16, 2006, the PCRA court dismissed Cruz-Sanchez's petition on August 16, 2006.  Commonwealth v. Cruz-Sanchez, Nos. 3530, 3531 - 2002 (Court of Common Pleas of Lancaster Co., Aug. 2006) (attached as Resp't Ex. "H").  The Superior Court affirmed the PCRA court's decision to dismiss the petition on February 7, 2007.  Commonwealth v. Cruz-Sanchez, 924 A.2d 690 (Pa. Super. 2007) (table) (attached as Resp't Ex. "K").  Cruz-Sanchez filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied by Order dated July 6, 2007.  Commonwealth v. Cruz-Sanchez, 927 A.2d 622 (Pa. 2007) (table).

On April 10, 2007, Cruz-Sanchez filed the instant petition for a federal writ of

habeas corpus claiming ineffective assistance of trial counsel for failing to object to the admission of the preliminary hearing testimony of Anna Guzman.  Respondents have filed an answer stating that Cruz-Sanchez is not entitled to federal habeas relief because this claim has never been presented to the state courts and is therefore unexhausted and procedurally defaulted.

## DISCUSSION

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(b).  Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"); see also Picard v. Connor, 404 U.S. 270 (1971).  The exhaustion requirement is rooted in considerations of comity and is designed to protect the role of the state court in the enforcement of federal law and to prevent disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 518 (1982); Castille v. Peoples, 489 U.S. 346, 349 (1989).  In order for a claim to be exhausted "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts."  Evans v. Court of Common Pleas, Delaware County,

Pennsylvania, 959 F2.d 1227, 1231 (3d Cir. 1992).  The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

Cruz-Sanchez has not presented the claim he raises in the instant habeas petition to the state courts on appeal.  I note that Cruz-Sanchez did present a variation of the claim that he presents in the instant habeas petition to the state court on direct appeal.  In that claim Cruz-Sanchez alleged trial court error for admitting Ms Guzman's preliminary hearing testimony and not, as he claims in his habeas petition, ineffective assistance of counsel for failing to object to the admission of the preliminary hearing testimony.  Consequently, the legal theory and the facts underpinning the federal claim have not been presented to the state courts.  Evans, 959 F.2d at 1231.  Because the claim he presents is not considered exhausted for the purposes of habeas review, this court is barred from further review of Cruz-Sanchez's petition unless his failure to exhaust his state remedies is excused.

The federal courts may excuse the exhaustion requirement if it would be futile for the petitioner to seek relief in the state court system.  Duckworth v. Serrano, 454 U.S. 1 (1981); Landano v. Rafferty, 897 F.2d 661 (3d Cir. 1990), cert. denied, 498 U.S. 811 (1990); 28 U.S.C. § 2254(b)(1)(B)(i) and (ii).  The only way in which Cruz-Sanchez could present these claims in the state court at this time is by filing another PCRA petition.  See Lines, 208 F.3d 153, 164, n.17; see also Fidtler v. Gillis, 1999 WL 596940,

5

at *3 (E.D. Pa. Aug. 9, 1999) (citing 42 Pa. Con. Stat. Ann. § 9542 (1998)) (the PCRA is the sole means of obtaining collateral relief from convictions, encompassing and replacing all other forms of relief, including habeas corpus).  However, any such petition would be time-barred by the PCRA's statute of limitations.  Pursuant to the amended PCRA, effective January 16, 1996, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final.  42 Pa. Con. Stat. Ann. § 9545(b)(1); see also, e.g., Lines, 208 F.3d at 164, n.17 (noting that the Pennsylvania Supreme Court has held that the time restrictions for seeking relief under the PCRA are jurisdictional) (citing Commonwealth v. Banks, 726 A.2d 374 (Pa. 1999)).  For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking the review.  42 Pa. Con. Stat. Ann. § 9545(b)(3).  As previously noted, Cruz-Sanchez's petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on June 7, 2005.  Therefore, Cruz-Sanchez's conviction became final on or about September 5, 2005, when the time for seeking certiorari in the United States Supreme Court expired.  See S.Ct.R. 13(1) (stating petitioner's have ninety (90) days to file petition for writ of certiorari); see also Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999) (stating direct review becomes final at the conclusion of petitioner's time for seeking certiorari in the United States Supreme Court).  Because Cruz-Sanchez's conviction became final over two (2) years ago, the PCRA statute of limitations would

preclude Cruz-Sanchez from presenting the instant claim in a PCRA petition.[3]  42 Pa. Cons. Stat. Ann. § 9545(b)(1); see generally Campbell v. Meyers, 1999 WL 793509, at *3 (E.D. Pa. Oct 6, 1999) (finding that the Pennsylvania state courts "consistently and regularly" apply the PCRA statute of limitations in all cases).  As a result, exhaustion would be futile and is excused.

Although I recommend that exhaustion be excused, Cruz-Sanchez is considered to have procedurally defaulted his claims because state procedural rules bar him from seeking further relief in state courts.  Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001).  A federal court may not consider the merits of such claims unless the petitioner establishes "cause and prejudice" to excuse his default.  Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).  Here, Cruz-Sanchez has not even attempted to provide this Court with an explanation for his failure to present this claim to the state court.  As a result, he has not shown cause to excuse his procedural default.  Despite the fact that Cruz-Sanchez has failed to demonstrate cause and prejudice for the default, a federal court may also consider a defaulted claim if the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 748. In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has

---

[3] Although there are three (3) exceptions to the PCRA's statute of limitations, 42 Pa. Con. Stat. Ann. § 9545(b)(1)(i), (ii), and (iii), Cruz-Sanchez fails to allege any of the limited circumstances upon which an exception would be granted.

probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Carrier, 477 U.S. at 496); see Glass v. Vaughn, 65 F.3d 13, 16-17 (3d Cir. 1995), cert. denied, 516 U.S. 1151 (1996) (assuming that the Schlup miscarriage of justice/actual innocence standard applied to noncapital petitioner arguing eligibility for lesser degree of guilt). To satisfy the "actual innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327; see also Glass, 65 F.3d at 16. As Cruz-Sanchez has made no colorable showing of innocence, he has failed to demonstrate that a miscarriage of justice will result if these claims are not reviewed. Coleman, 501 U.S. at 748; Schlup, 513 U.S. at 326-327. Accordingly, I recommend that Cruz-Sanchez's claim be dismissed as procedurally defaulted.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 31st day of January, 2008, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be DISMISSED. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

```
                                        /S/PETER B. SCUDERI
                                        PETER B. SCUDERI
                                        UNITED STATES MAGISTRATE JUDGE
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALBERTO CRUZ-SANCHEZ          :     CIVIL ACTION
                              :
          v.                  :
                              :
LOUIS FOLINO, et al.          :     No. 07-4015

**O R D E R**

AND NOW, this       day of                  , upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and any objections made thereto, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition filed pursuant to 28 U.S.C. § 2254 is DISMISSED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
JAN E. DUBOIS, J.