## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **ALBERTO CRUZ-SANCHEZ** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO.  07-4015** |
| **LOUIS FOLINO, SUPERINTENDANT** | : | |
| **S.C.I. GREENE; DISTRICT ATTORNEY** | : | |
| **FOR LANCASTER COUNTY; and THE** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF PENNSYLVANIA** | : | |
| **Respondents.** | : | |

### ORDER AND MEMORANDUM

### ORDER

**AND NOW**, this 27th day of August, 2008, upon careful and independent consideration

of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, and after review of the Report

and Recommendation of United States Magistrate Judge Peter B. Scuderi dated January 31,

2008, **IT IS ORDERED** as follows:

1.  The Report and Recommendation of United States Magistrate Judge Peter B. Scuderi

dated January 31, 2008, is **APPROVED** and **ADOPTED**, as supplemented by the attached

Memorandum;

2.  The Petition for Writ of Habeas Corpus filed by Alberto Cruz-Sanchez pursuant to 28

U.S.C. § 2254 is **DISMISSED**; and,

3.  A certificate of appealability will not issue on the ground that petitioner has not made

a substantial showing of a denial of a constitutional right as required under 28 U.S.C.

§ 2253(c)(2).

<u>**MEMORANDUM**</u>

**I.    INTRODUCTION**

The Court adopts the Report and Recommendation of Magistrate Judge Peter B. Scuderi dated January 31, 2008 with respect to the procedural default of petitioner's claim under 28 U.S.C. § 2254.  The Court writes to address the issues raised in petitioner's Reply to Respondent[s'] Answer to Petition for Writ of Habeas Corpus (Document No. 15, filed February 19, 2008).  Petitioner's Reply was filed after the issuance of Magistrate Judge Scuderi's Report and Recommendation on January 31, 2008, and thus the Report and Recommendation does not address the issues raised in the Reply.  Because the Court concludes that petitioner's arguments in the Reply do not undermine the conclusions reached by the Magistrate Judge in the Report and Recommendation, the Court adopts the Report and Recommendation, as supplemented by this Memorandum, and dismisses petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

A detailed factual history of this case is set forth in Magistrate Judge Scuderi's Report and Recommendation.  Thus, the Court will not recite the factual and procedural history in this Memorandum.

**II.    PETITIONER'S REPLY TO RESPONDENT[S'] ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner raises two sets of arguments in his Reply to Respondent[s'] Answer to Petition for Writ of Habeas Corpus ("Reply").  First, petitioner argues that his claim of ineffective assistance of counsel for failure to object to the admission of Ms. Guzman's preliminary hearing testimony is not procedurally defaulted for two reasons.  Petitioner asserts that this claim was

presented to the state courts on direct appeal and in his *pro se* PCRA petition.  (Pet'r's Reply 4-5.)  Petitioner also argues that Ms. Guzman's written statement and preliminary hearing testimony are "strikingly similar" and "substantially equivalent" such that the claim in his counseled PCRA petition of ineffective assistance of counsel for failure to object to the admission of Ms. Guzman's written statement to police effectively presented his claim of ineffective assistance of counsel for failure to object to the admission of Ms. Guzman's preliminary hearing testimony to the state court.  (Id. 5.)

The Court rejects both of petitioner's arguments and concludes that petitioner has procedurally defaulted his habeas claim.  First, although petitioner is correct that the question of Ms. Guzman's preliminary hearing testimony was raised on direct appeal, the claim was raised at that time as a claim of trial court error for admitting Ms. Guzman's preliminary hearing testimony, not as a claim of ineffective assistance of counsel for failure to object to the admission of Ms. Guzman's preliminary hearing testimony.  (See State Court Record Doc. 20; R&R 2.)  As noted in the Report and Recommendation, because the legal theories employed by petitioner in these two challenges to the admission of Ms. Guzman's preliminary hearing testimony were different, the claim is not exhausted.  (R&R 4-5 (citing Evans v. Court of Common Pleas, Delaware County, Pennsylvania, 959 F.2d 1227, 1231 (3d Cir. 1992) (holding that in order for a claim to be exhausted, "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts.")).

Further, the claim in petitioner's *pro se* PCRA petition that trial counsel was ineffective for failing to object to the admission of Ms. Guzman's preliminary hearing testimony was not considered by the PCRA court.  As noted in the Report and Recommendation, counsel was appointed to represent petitioner with respect to his PCRA petition and filed an amended PCRA

petition on his behalf which did not set forth an ineffective assistance of counsel claim based on a failure to object to Ms. Guzman's preliminary hearing testimony.  Thus, the PCRA court did not address this claim in its decision on petitioner's PCRA petition.  (R&R 3; State Court Record Docs. 26, 30, 43.)  As a result, the *pro se* petition cannot be used to establish that petitioner exhausted his state remedies such that his federal habeas claim is not procedurally defaulted.

Finally, contrary to petitioner's assertion, his claim in the amended PCRA petition of ineffective assistance of counsel for failure to object to the admission of Ms. Guzman's written statement to police did not also encompass a claim of ineffective assistance of counsel for failure to object to the admission of Ms. Guzman's preliminary hearing testimony.  The statement and the preliminary hearing testimony are distinct pieces of evidence with distinct factual underpinnings.  As noted above, the Third Circuit has ruled that in order for a claim to be exhausted, "both the legal theory and the facts underpinning the federal claim must have been presented to the state court."  Evans, 959 F.2d 1231.  Thus, petitioner cannot rely upon his presentation to the state court of a PCRA claim of ineffective assistance of counsel for failure to object to the admission of Ms. Guzman's written statement to police to establish that he has properly exhausted his state remedies, as is required under 28 U.S.C. § 2254 for the Court to consider his claim of ineffective assistance of counsel for failure to object to the admission of Ms. Guzman's preliminary hearing testimony.

The second set of arguments in petitioner's Reply is based on the ineffectiveness of petitioner's trial counsel for failing to object to the introduction of Ms. Guzman's preliminary hearing testimony.  (Pet'r's Reply 7-12.)  Because the Court adopts the Report and Recommendation of Magistrate Judge Peter B. Scuderi, as supplemented by this Memorandum,

4

and dismisses petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 as procedurally defaulted, the Court does not reach the merits of that argument in the petition.

## III.     CONCLUSION

For all of the foregoing reasons, petitioner's arguments in his Reply to Respondent[s'] Answer to Petition for Writ of Habeas Corpus are rejected.  The Report and Recommendation of United States Magistrate Peter B. Scuderi dated January 31, 2008, is approved and adopted, as supplemented by this Memorandum.  The Petition for Writ of Habeas Corpus is dismissed without an evidentiary hearing as procedurally defaulted.  A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. §2253(c)(2).

**BY THE COURT:**

_____

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**